JOHN B. HOPKINS, APPELLANT, *v.* FRANKLIN J. LOTT, AS ADMINISTRATOR OF SARAH E. LOTT, DECEASED, RESPONDENT.

*Reference of a disputed claim against the estate of a deceased person — right to costs and disbursements and an extra allowance.*

A claim for $1,000 for damages for breach of a covenant of quiet enjoyment contained in a lease given by the defendant's intestate to the plaintiff, having been presented to and rejected by the defendant, was, by the consent of both parties and with the approval of the surrogate, referred. The referee reported in favor of the plaintiff for six cents damages. The defendant paid the referee's fees, upon the refusal of the plaintiff to do so, took up the report and moved for and obtained an order confirming the same and awarding to the defendant his costs, disbursements and an extra allowance.

*Held,* that the order was right and should be affirmed.

APPEAL from an order made at the Kings county Special Term and entered in Queens county.

The respondent's intestate leased to the appellant a farm for a term of seven years, but after the appellant had occupied it for a part of that period he was evicted by the owners of the para-

mount title. The appellant presented a claim against the lessor's estate for $1,000 damages for such eviction, which having been disputed was referred by consent, pursuant to the statute, to a referee to determine. The referee found in favor of the appellant six cents damages. On the motion to confirm this report the Special Term, by the order appealed from, denied disbursements to the appellant and awarded costs and an extra allowance to respondent.

*Henry A. Monfort*, for the appellant.

*Joseph M. Pray*, for the respondent.

PRATT, J.:

This was a matter arising upon a claim by plaintiff against the estate of Sarah E. Lott, deceased, which was presented to and rejected by the defendant administrator, who at the same time offered to refer, and the claim was accordingly referred on consent of both parties and with the approval of the surrogate.

The claim was for $1,000 damages for breach of a covenant of quiet enjoyment in a lease. The referee reported that plaintiff was entitled to six cents damages. The referee's fees were sixty dollars, which plaintiff refused to pay and defendant took up the report and moved at Special Term for costs. The court rendered judgment for the plaintiff for six cents damages, and in favor of the defendant for costs and disbursements.

It seems to be settled that this proceeding is not an action but is a special proceeding. (*Mowry* v. *Peet*, 88 N. Y., 456; *Roe* v. *Boyle*, 81 id., 305.) We think the order made below was right. The Revised Statutes, under which the reference was had, provides that the "court may adjudge costs as in actions against executors and administrators." Then comes the provision of the Code of Civil Procedure (§ 3246) as follows: "In an action brought by or against an executor or administrator in his representative capacity, * * * costs must be awarded as in an action by or against a person prosecuting or defending in his own right."

On the question of costs the defendant here was the prevailing party. In this special proceeding the costs are to be adjudged as in an action prosecuted or defended by a person in his own right. The Code of Civil Procedure was intended to provide a complete

system upon the subject of costs (see secs. 3246, 3228, 3229, 3230 and 3256), which seem to cover the case in hand. The confusion seems to have arisen from the fact that the Code of Civil Procedure refers to actions when treating of costs, but when it is seen that this particular proceeding is assimilated to an action in regard to costs there seems to be no difficulty in the question.

This view is in consonance with the general purpose of the legislature in allowing costs, which is to make the burden of litigation fall upon the party who causelessly invokes it.

Order affirmed, with costs.

BARNARD, P. J., concurred; DYKMAN, J., not sitting.

Order affirmed, with costs and disbursements.